<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>WALGREEN NATIONAL<br>CORPORATION, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 2:21-cv-20236 (BRM) (ESK)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

　　　　Before the Court is a Motion for Judgment on the Pleadings[1] pursuant to Federal Rule of Civil Procedure 12(c) filed by Defendants Walgreen Eastern Co., Inc.[2] ("Walgreens"). (ECF No. 15.) Plaintiff Jane Doe ("Plaintiff") opposed the Motion.[3] (ECF No. 20.) Walgreens replied. (ECF No. 25.) Having reviewed the submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Walgreens' Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**.

---

[1] The Motion was filed as a post-answer Motion to Dismiss pursuant to Rule 12(c). Therefore, the Court construes the motion as a Motion for Judgment on the Pleadings pursuant to Rule 12(c).

[2] In Walgreens' Answer and Motion for Judgment on the Pleadings (ECF Nos. 9, 15), Walgreens states it was improperly pleaded as Walgreen National Corporation, Walgreen Stores, Inc., Walgreen Eastern Company, Inc., Walgreen Company, and Walgreens Store #4361. Plaintiff does not object. Therefore, the Court construes Walgreens' Motion to be filed on behalf of all defendants except John Does 1-10 and ABC Corporation 1-10.

[3] The Court allowed Plaintiff's belated filing of her opposition brief. (ECF No. 21.)

I.   **BACKGROUND**

For the purposes of this Motion for Judgment on the Pleadings, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied* upon in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)). "The difference between a motion to dismiss pursuant to Rule 12(b)(6) and Rule 12(c) is only a matter of timing and the Court applies the same standard to a Rule 12(c) motion as it would to a Rule 12(b)(6) motion." *Newton v. Greenwich Twp.*, Civ. A. No. 12-238, 2012 WL 3715947, at *2 (D.N.J. Aug. 27, 2012) (citing *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991)).

Plaintiff worked for Walgreens while she was a minor. (Comp. (ECF No. 1) at ¶ 1.) Plaintiff alleges that on an unspecified date, when she was approximately seventeen years old, she worked with a store manager she had never met before, who was filling in that day. (*Id.* at ¶ 23.) The manager ("John Doe 1") called Plaintiff into the back storage room, and Plaintiff obliged. (*Id.* at ¶¶ 28, 30.) Once Plaintiff was alone with John Doe 1, he made unwanted advances toward Plaintiff, including kissing Plaintiff on the lips, grabbing Plaintiff's hands, and putting her hands on his exposed penis. (*Id.* at ¶¶ 31–33.) He told Plaintiff to take off her pants and said he wanted to have sex with her. (*Id.* at ¶¶ 31-33.) Plaintiff ran out of the storage room, away from John Doe 1, and attempted to avoid him for the remainder of her shift. (*Id.* at ¶¶ 37, 39.) Plaintiff did not report the incident to anyone that day. (*Id.* at ¶ 38.)

Approximately two weeks later, Plaintiff confided in her regular manager, Anthony Scullion ("Mr. Scullion"), about the inappropriate behavior of John Doe 1. (*Id.* at ¶ 40.) She

communicated to Mr. Scullion that she wanted to know what she could do about it. (*Id.*) Mr. Scullion responded "too much time had passed" and "nothing could be done about it now." (*Id.* at ¶ 42.)

Plaintiff continued working at Walgreens following the incident but had flashbacks of the encounter and a constant fear of seeing John Doe 1 or getting in trouble with management or her co-workers for her report. (*Id.* at ¶¶ 45–46, 48.) Plaintiff quit her job at Walgreens a few months later. (*Id.* at ¶ 49.) In the approximately one and a half years Plaintiff claims she worked for Walgreens before the sexual assault, she had not received training about sexual harassment in the workplace from Walgreens. (*Id.* at ¶ 50.) Plaintiff is further unaware of any policy prohibiting sexual harassment, or any process for reporting or investigating such conduct. (*Id.* at ¶ 51.)

On November 29, 2021, Plaintiff filed a five-count Complaint against Walgreens claiming violation of New Jersey's Law Against Discrimination ("NJLAD"), N.J. Stat. Ann. § 10:5-1, *et seq*. (Count I); violation of the New Jersey Sexual Abuse Act, N.J. Stat. Ann. § 2A:61B-1, *et seq*. (Count II); negligence, gross negligence, and recklessness (Count III); sexual assault and battery (Count IV); and intentional and/or negligent infliction of emotional distress (Count V). (ECF No. 1.) Plaintiff alleges jurisdiction on the basis of diversity[4], claiming the amount in controversy is greater than $150,000. (*Id.* at ¶¶ 15–17.)

On December 29, 2021, Walgreens filed an answer to the Complaint. (ECF No. 9.) On March 11, 2022, Walgreens filed its Motion for Judgment on the Pleadings (ECF No. 15) as well as a Motion to Bifurcate Discovery (ECF No. 16). On March 22, 2022, as a consequence of

---

[4] Plaintiff merely alleges she is a resident of a foreign country. (*Id.* ¶ 3.) Title 28 of the U.S. Code, § 1332(a)(2), gives district courts diversity jurisdiction over actions between citizens of a State and citizens or subjects of a foreign state. Plaintiff has orally represented to the Court that she is a citizen of Israel. Plaintiff is ordered to file an Amended Complaint clearly specifying her citizenship and the basis for this Court's continued jurisdiction.

3

Plaintiff's failure to oppose the motions, the Court dismissed Plaintiff's Complaint without prejudice. (ECF No. 17.) On April 4, 2022, Plaintiff filed a Motion to Vacate the dismissal (ECF No. 18), an opposition to Walgreens' Motion to Bifurcate Discovery (ECF No. 19), and an opposition to Walgreens' Motion for Judgment on the Pleadings (ECF No. 20). On April 13, 2022, the Court granted Plaintiff's Motion to Vacate the dismissal, reinstated her Complaint, and reopened Walgreens' Motions for Judgment on the Pleadings and to Bifurcate Discovery.[5] Plaintiff's oppositions to the motions were deemed filed. (ECF No. 21.) On April 19, 2022, Walgreens filed their reply. (ECF No. 25.)

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Pursuant to Rule 12(c), the movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law. *See Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (citing *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)). In resolving a motion made pursuant to Rule 12(c), the Court must view the facts in the pleadings and the inferences therefrom in the light most favorable to the non-movant. *See id.*

Furthermore, even though a motion for judgment on the pleadings is appropriate after the pleadings have been closed, such a motion is reviewed under the same standards that apply to a motion to dismiss made under Rule 12(b)(6). *See Szczurek v. Pro. Mgmt. Inc.*, 627 F. App'x 57, 60 (3d Cir. 2015) (citing *Revell v. Port Auth. of N.Y. & N.J.*, 598 F.3d 128, 134 (3d Cir. 2010));

---

[5] Walgreens' Motion to Bifurcate Discovery was administratively terminated pending adjudication of Walgreens' Motion for a Judgment on the Pleadings. (ECF No. 23.)

4

*see also Muhammad v. Sarkos*, Civ. A. No. 12-7206, 2014 WL 4418059, at *1 (D.N.J. Sept. 8, 2014) (citations omitted) ("Where a defendant's motion is one for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), it is treated under the same standards as a Rule 12(b)(6) motion where it alleges that a plaintiff has failed to state a claim.").

### III. DECISION[6]

#### A. Statute of Limitations

Walgreens argues the Complaint was not timely filed within the applicable statute of limitations period, and that the extended statute of limitations period pursuant to N.J. Stat. § 2A:14-2b does not apply to Plaintiff's causes of action, and therefore, Plaintiff's claims should be dismissed. (Walgreens' Br. (ECF No. 15-1) at 15.) Plaintiff contends the Complaint is timely pursuant to New Jersey's Extended Statute of Limitations, enacted in 2019. (ECF No. 20 at 7.) While Plaintiff is unclear about when the incident occurred, the parties agree that Plaintiff's claims are barred but for the New Jersey's Extended Statute of Limitations. (ECF No. 15-1 at 16; ECF No. 20 at 7.) Therefore, the Court will examine the law governing the Extended Statute of Limitations and consider whether Walgreens is entitled to judgment on the pleadings. *See Rodgers v. Lincoln Benefit Life Co.*, 845 F. App'x 145, 147 (3d Cir. 2021) (entertaining a 12(c) motion based on claims that are barred by the applicable statutes of limitations).

The New Jersey legislature adopted N.J. Stat. § 2A:14-2b, which provides an additional two years from December 1, 2019 to file claims for damages arising from sexual offenses and abuse. N.J. Stat. § 2A:14-2b(a). The statute operates to provide an exception for sexual assault

---

[6] All of Plaintiff's claims are brought pursuant to New Jersey state law. (*See* ECF No. 1.) Therefore, the Court must apply New Jersey substantive law because federal jurisdiction of this case is based on diversity of citizenship. *See Siemens Building Technologies, Inc. v. PNC Fin. Servs. Grp. Inc.*, 226 F. App'x 192, 195 (3d Cir. 2007) (citing *Robeson Indus. Corp. v. Hartford, Accident Indem. Co.*, 178 F.3d 160, 165 (3d Cir. 1999)).

claims, and expressly provides for its retroactive application to actions for damages resulting from sexual offenses and abuse "that occurred prior to" December 1, 2019, and "which action would otherwise be barred through application of the [previously effective] statute of limitations." N.J. Stat. § 2A:14-2b(a).

The Extended Statute of Limitations applies to a wide variety of sexual acts including every "action at law for an injury resulting from the commission of sexual assault," and "any other crime of a sexual nature." *Id.* The statute additionally lists two categories of statutorily-defined sexual acts covered by the Statute: (1) prohibited sexual acts as defined by N.J. Stat. § 2A:30B-2; and (2) sexual abuse as defined by the New Jersey Sexual Abuse Act, N.J. Stat. § 2A:61B-1.

Here, Walgreens argues Plaintiff's allegations do not constitute sexual assault or prohibited sexual acts as defined by the Extended Statute of Limitations. (ECF No. 25 at 5.) In addition, Walgreens appears to disregard the first two prongs of the statute and instead relies on the last two prongs of the statute. (ECF No. 15-1 at 16.)

The Court disagrees with Walgreens' narrow interpretation of the Extended Statute of Limitations, which, indeed, covers every "action at law for an injury resulting from the commission of sexual assault," including the alleged assault underlying each of Plaintiff's claims in this case. *See* N.J. Stat. § 2A:14-2b(a). Further, N.J. Stat. § 2A:30B-2, which is incorporated into the Extended Statute of Limitations, includes "[n]udity, if depicted for the purpose of sexual stimulation or gratification of any person who may view the depiction." N.J. Stat. § 2A:30B-2. Plaintiff specifically alleged John Doe 1, a Walgreens employee, exposed his penis to her, told Plaintiff to touch it, grabbed Plaintiff's hands, and put her hands on his penis. (ECF No. 1 at ¶¶ 32–33.) This allegation fits squarely within the acts covered by the Extended Statute of Limitations. Walgreens' narrow reading of the Extended Statute of Limitations contradicts the black letter of

the Statute. *See Brownstone Specialty Fin., Inc. v. Freedom Mortg. Corp.*, 736 F. App'x 333, 335 (3d Cir. 2018) (recognizing New Jersey state courts view a statute's plain language as the best indicator of legislative intent). Accordingly, Walgreens fails to establish its affirmative statute of limitation defense, and its Motion as to this argument is denied.[7] *See In re Community Bank of Northern Virginia*, 622 F.3d 275, 292 (3d Cir. 2010) ("In general, a 'statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant.'") (citations omitted).

### B. Count II (New Jersey Sexual Abuse Act)

Walgreens argues Plaintiff fails to state a claim under the New Jersey Sexual Abuse Act, because Walgreens does not constitute "an adult" or "parent, resource family parent, guardian or other person standing *in loco parentis*" as required by the statute. (ECF No. 15-1 at 9.) Plaintiff argues, with no legal authority, Walgreens stood *in loco parentis* to Plaintiff because Walgreens "controlled and had the right to control" Plaintiff's conduct when Plaintiff "was under the age of majority." (ECF No. 20 at 7.) Walgreens replies that as a part-time employer of Plaintiff when Plaintiff was seventeen years old, Walgreens cannot function as a parent. (ECF No. 25 at 3–4.) The Court agrees with Walgreens.

To state a claim under the Sexual Abuse Act, Plaintiff must allege Walgreens stood *in loco parentis* to Plaintiff. N.J. Stat. § 2A:61B-1. The New Jersey Supreme Court explained an *in loco parentis* relationship includes "the responsibility to maintain, rear and educate the child," as well as the duties of "supervision, care and rehabilitation." *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 91 (2006) (citations omitted). The Court found a full-time boarding school had an *in loco*

---

[7] The Court's finding in this section is limited to whether the causes of action alleged in the complaint fall within the purview of the Extended Statute of Limitations.

*parentis* relationship to a former student who was sexually abused by the school's musical director while living at the school for two years, because the school acted in place of the student's parents by providing him shelter, food, education, recreation, religious services, and discipline, and was essentially serving as the student's home. *Id.* at 94. However, in another case, the Court declined to view a Boy Scout leader as standing *in loco parentis*, holding that while "[a] Boy Scout leader may function as a supervisor of children for limited periods of time; he does not have 'the responsibility to maintain, rear and educate' children such that he stands in the place of a parent." *Dale v. Boy Scouts of Am.*, 160 N.J. 562, 602 (1999), *rev'd on other grounds*, 530 U.S. 640 (2000).

Here, Plaintiff was merely a part-time employee of Walgreens. (ECF No. 1 at ¶ 19.) Plaintiff's allegation is insufficient to state a claim under the New Jersey Sexual Abuse Act because Plaintiff did not allege Walgreens somehow functions as Plaintiff's parent, or otherwise bears the responsibility to "maintain, rear and educate" Plaintiff. *See Dale*, 160 N.J. at 602. Indeed, Plaintiff fails to allege that Walgreens was acting as Plaintiff's parent by providing her shelter, food, education, recreation, religious services, and discipline, or was essentially Plaintiff's home. *See Hardwicke*, 188 N.J. at 94. *See also Stark v. Ear Nose & Throat Specialists*, 185 F. App'x 120, 1 (3d Cir. 2006) (holding courts do not need to assume that the [plaintiff] can prove facts that have not been alleged). Based on the foregoing New Jersey Supreme Court decisions, the Court finds that Walgreens, as a part-time employer, does not stand *in loco parentis* to Plaintiff.

In essence, Plaintiff is asking the Court to rewrite New Jersey state law by speculating that some "other factors" might weigh in favor of finding an *in loco parentis* relationship, for example, that Plaintiff is underage and Walgreens exercised a right to control Plaintiff's actions while at work. (ECF No. 20 at 7.) This attempt is futile because this Court "may not impose [its] own view of what state law should be, nor expand state law in ways not foreshadowed by state precedent."

8

*Spence v. ESAB Grp., Inc.*, 623 F.3d 212, 217 (3d Cir. 2010) (internal citations and quotation marks omitted). Because the Court concludes Walgreens cannot stand *in loco parentis* as a matter of law, Walgreens' Motion as to Count II is granted.

### C. Counts I (NJLAD), III (Negligence, Gross Negligence, and Recklessness), IV (Sexual Assault & Battery), and V (Intentional and/or Negligent Infliction of Emotional Distress)

Walgreens' remaining arguments for the preclusion of Plaintiff's NJLAD and common law claims are without merit. Each are addressed in turn below.

#### 1. Preclusion Under the NJLAD

Walgreens contends Plaintiff's common law causes of action provide no independent basis for relief and must be dismissed, because the same interests are protected by the NJLAD. (ECF No. 15-1 at 19-20.) Alternatively, Walgreens argues that even if the common law claims are not precluded, they are barred by New Jersey's two-year statute of limitations on personal injury claims. N.J. Stat. § 2A:14-2(a).[8] Plaintiff responds her NJLAD claim is a separate cause of action because it stems from the harassment and sexual abuse of Plaintiff, and is therefore, not duplicative of her common law claims for negligence, gross negligence, and recklessness; sexual assault and battery; and intentional and/or negligent infliction of emotional distress. (ECF No. 20 at 9-10.) In response to Walgreens' alternative statute of limitations argument, Plaintiff asserts that because New Jersey's statute of limitations extension applies to every action at law for injury resulting from the commission of sexual assault, Plaintiff's claims are not barred. (*Id.*)

Where a statutory remedy is available under the NJLAD, it is unnecessary to extend the same relief under the common law. *See Butler v. Sherman, Silverstein & Kohl, P.C.*, 755 F. Supp.

---

[8] The Court addressed Walgreens' statute of limitations argument, and Plaintiff's arguments in opposition, in Section A above.

1259, 1265 (D.N.J. 1990). However, the NJLAD does not simply preclude all common law causes of action that share facts with a plaintiff's statutory claim. The NJLAD explicitly states: "[n]othing herein contained shall bar, exclude or otherwise affect any right or action, civil or criminal, which may exist independently of any right to redress against or specific relief from any unlawful employment practice or unlawful discrimination." N.J. Stat. § 10:5-27. Instead, "the NJLAD preempts *duplicative* common law claims." *Brown v. Joel Tanis & Sons, Inc.*, Civ. A. No. 13-02984, 2014 WL 2705262, at *4 (D.N.J. June 13, 2014) (citing *Kwaiatkowsky v. Merrill Lynch*, A2270-06T1, 2008 WL 3875417, at *17 (N.J. Super. Ct. App. Div Aug. 13, 2008)). A common law claim is not duplicative, and therefore, should not be precluded, where the claim "protect[s] an interest 'in addition to or aside from those' protected by [the] statutory action.'" *Kwaiakowsky*, 2008 WL 3875417, at *17 (second alteration in original) (quoting *Dale*, 160 N.J. at 604-05) (finding a claim for intentional infliction of emotional distress was not duplicative of a statutory claim for wrongful discharge based on unlawful discrimination, even when both claims were based on the same set of facts).

Here, Plaintiff's common law claims for negligence, gross negligence, and recklessness (Count III); sexual assault and battery (Count IV); and the intentional and/or negligent infliction of emotional distress (Count V), protect rights and interests separate and apart from those rights and interests protected by Plaintiff's statutory NJLAD claim, which seeks redress for the harassment and hostile work environment arising from the alleged sexual abuse as set forth in Plaintiff's Complaint. *Compare Brown*, 2014 WL 2705262, at *4 (holding a plaintiff's NJLAD claims for hostile work environment and retaliation are not duplicative of his common law IIED claim), *with Calkins v. Dollarland, Inc.*, 117 F. Supp. 2d 421, 430 (D.N.J. 2000) (holding plaintiff's harassment, sexual harassment, and retaliation claims were precluded where the same

10

relief was sought pursuant to the NJLAD) *and Dillon v. Constr. & Turnaround Servs., LLC*, 2015 WL 5545236, at *10 (D.N.J. Sept. 18 2015) (finding a common law claim for hostile work environment duplicative of the NJLAD). Accordingly, Plaintiff's common law causes of action are not precluded by the NJLAD.

### 2. Exclusivity Provision of the Workers' Compensation Act

Walgreens further submits Plaintiff's negligence claims are barred by the New Jersey Workers' Compensation Act's Exclusivity Provision, N.J. Stat. § 34:15-8, which precludes tort claims against employers, except for intentional wrongs. (ECF No. 15-1 at 21-22.) Plaintiff argues the exclusivity provision does not apply, since the incident occurred when Plaintiff was under eighteen years old and did not have the proper working papers. (ECF No. 20 at 12.) Because of those circumstances, Plaintiff contends she has the election to pursue a workers' compensation claim or common law claims against her employer, and simply chose the latter. (*Id.*) Walgreens replied that the election does not apply because Plaintiff pursued this action as an adult. (ECF No. 25 at 9-10.) The Court agrees with Plaintiff.

After viewing Plaintiff's Complaint in the light most favorable to and drawing all inferences in favor of Plaintiff, *see Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980), the Court cannot conclude judgment in favor of Walgreens based upon the Exclusivity Provision of the Workers' Compensation Act is warranted at this time. Walgreens' argument in reply that Plaintiff's negligence claims are barred by the provision merely because she filed this Complaint as an adult, is contrary to the law, and therefore, Walgreens has not "established that there is no material issue of fact to resolve, and that it is entitled to judgment in its favor as a matter of law." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 253 (3d Cir. 2004), *as amended* (Mar. 8, 2004) (internal quotation marks omitted). Accordingly, Plaintiff's negligence claims survive the Exclusivity Provision of the Workers' Compensation Act.

### 3. Vicarious Liability

Walgreens blanketly argues it cannot be vicariously liable for intentional sexual assault allegedly committed by its employee, John Doe 1. (ECF No. 15-1 at 23.) In Counts I, III, IV, and V[9], Plaintiff attempts to hold Walgreens vicariously liable for John Doe 1's alleged sexually inappropriate behavior. (*See* ECF No. 1.) Plaintiff counters that her Complaint sufficiently pleaded facts, with reasonable inferences to be drawn therefrom, in support of her claims for vicarious liability. (ECF No. 20 at 12.) The Court agrees with Plaintiff.

#### i. Count I (NJLAD)

An employer's liability under the NJLAD is, by nature, "largely dependent upon the facts of a particular case." *Barroso v. Lidestri Foods, Inc.*, 937 F. Supp. 2d 620, 632 (D.N.J. 2013) (citing *Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 624 (1993)). An employer can be held vicariously liable for the conduct of a supervisor where the supervisor either: (1) acted within the scope of his or her employment; or (2) acted outside the scope of his or her employment and the employer "contributed to the harm through its negligence, intent, or apparent authorization of the harassing conduct" or aided the supervisor in the commission of the harassment through its agency relationship. *Id.*; *see also Lehmann*, 132 N.J. at 619-20 (adopting section 219 of the *Restatement* as the framework for evaluating employer liability in hostile environment sexual harassment claims). More specifically, as explained by the New Jersey Supreme Court, an employer can be held vicariously liable for a supervisor's creation of a hostile work environment in one of three circumstances:

> (1) where the employer grants the supervisor the authority to control the working environment and the supervisor abuses that authority to

---

[9] Plaintiff's allegation that Walgreens is vicariously liable for its employee's conduct in violation of the New Jersey Sexual Abuse Act, as set forth in Count II of her Complaint, is moot given Section B of this Opinion.

> create a hostile work environment[;] or (2) where the employer ha[s] actual or constructive notice of the harassment[;] or (3) where, in the absence of actual or constructive notice, the employer negligently or recklessly failed to have an explicit policy that bans sexual harassment and that provides an effective procedure for the prompt investigation and remediation of such claims.

(*Id.* at 632-33) (internal quotation marks omitted) (alterations in original) (citing *Lehmann*, 132 N.J. at 624). The determination of which employees qualify as supervisors for the purpose of vicarious liability is a fact-specific analysis, but generally includes individuals controlling the day-to-day working environment. *Id.* at 633 (citing *Herman v. Coastal Corp.*, 348 N.J. Super. 1, 24-25 (N.J. Sup. Ct. App. Div. 2002)).

Whether Walgreens' employees committed an "intentional tort" is not the sole consideration in this Court's vicarious liability analysis. Based on the current record before the Court, Walgreens has not established they are entitled to judgment on the pleadings. Plaintiff has sufficiently pleaded facts in her Complaint to overcome Walgreens' challenges to Count I. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted) ("A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

    ii. **Count III (Negligence, Gross Negligence, and Recklessness), IV (Sexual Assault & Battery) and V (Intentional and/or Negligent Infliction of Emotional Distress)**

Walgreens similarly failed to establish that Plaintiff cannot, as a matter of law, hold Walgreens vicariously liable on her common law claims set forth in Counts III, IV, and V of the Complaint. An employer may be held vicariously liable for the acts of an employee, which are committed outside the scope of employment and result in an action at common law, under the same *Restatement* standard the *Lehmann* Court applied to the NJLAD. *See Hardwicke*, 188 N.J. at 101-02 (applying section 219 of the *Restatement* to a plaintiff's common law claims). Citing *Lehmann*,

13

the *Hardwicke* Court held that an employer can be held vicariously liable, even if the employee acts outside the scope of employment, if the employer "delegate[d] the authority to control the work environment to a supervisor and [the] supervisor abuse[d] [the] delegated authority." *Id.* at 101. Section 219 of the *Restatement* explains an employer is generally not subject to liability for the torts of an employee outside the scope of employment, unless: (a) the employer intended the conduct or consequences; (b) the employer was negligent or reckless; (c) the conduct violated a non-delegable duty of the employer; or (d) the employee purported to act or speak on behalf of the employer and there was reliable upon apparent authority, or the employee was aided in accomplishing the tort by the existence of the agency relation. As for the *Restatement* § 219(2)(d), the Court is specifically tasked with considering the following four-part test:

> 1. Did the employer delegate the authority to the supervisor to control the situation of which the plaintiff complains . . . ?
> 2. Did the supervisor exercise that authority?
> 3. Did the exercise of authority result in a violation of [the law]?
> 4. Did the authority delegated by the employer to the supervisor aid the supervisor in injuring the plaintiff?

*Aguas v. State*, 220 N.J. 494, 514 (2015) (first alteration in original) (quoting *Lehmann*, 132 N.J. at 620); *see also Hardwicke*, 188 N.J. at 101, n.13. If the questions are answered affirmatively, an employer may be held vicariously liable for an employee's sexual misconduct. *Id.*

When viewing the facts and inferences therefrom in a light most favorable to Plaintiff, Walgreens has failed to establish, at this stage, that no material issues of fact remain to be resolved. There remain questions about John Doe 1's identity, as well as the nature and exercise of his authority provided by Walgreens, if any. There are also issues of material fact to be explored relating to Walgreens' hiring, training, and supervising of John Doe 1 and Anthony Scullion. At this stage, Plaintiff has pleaded sufficient facts as to Walgreens' potential vicarious liability for

John Doe 1's alleged sexual assault on Plaintiff to defeat Walgreens' request for judgment as a matter of law. *See Rosenau*, 539 F.3d at 221 (explaining a movant for judgment on the pleadings must establish: (1) that no material issue of fact remains to be resolved; and (2) the entitlement to judgment as a matter of law). Accordingly, Walgreens' request for dismissal of Counts III, IV and V of Plaintiff's Complaint is denied.

## IV. CONCLUSION

For the reasons set forth above, Walgreens' Motion for Judgment on the Pleadings (ECF No. 15) is **GRANTED WITHOUT PREJUDICE** with respect to Count II of the Complaint; and it is **DENIED** with respect to Counts I, III, IV, and V. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2022